798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis MULLOY, Plaintiff-Appellant,
v.
CONSUMER PRODUCTS SAFETY COMMISSION, Defendant-Appellee.
 No. 85-3720.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1986.
 
 Before MARTIN, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant Dennis Mulloy filed a complaint in the district court pursuant to Sec. 552(a)(4)(B) of the Freedom of Information Act,[1] 5 U.S.C. Sec. 552 et seq., ("FOIA"), seeking to enjoin the defendant-appellee Consumer Products safety Commission ("Commission") from withholding sections of an inspection report prepared by the Commission during its investigation of Longaberger Manufacturing, Inc., ("Longaberger"), and two letters which were submitted to the Commission pursuant to the mandate of 15 U.S.C. Sec. 2064(b),[2] by Longaberger and one of its suppliers. The Com mission's motion for sum mary judgment furnished a detailed explanation for its refusal to disclose the redacted sections of the inspection report which incorporated financial information, sales data, and information regarding the manufacturing process and raw materials of Longaberger.[3] The two letters in controversy enumerated various violations of consumer product safety rules, as well as hazardous defects which existed in products manufactured by Longaberger and the supplier.
 
 
 2
 Under Exemption 3 of the FOIA, 5 U.S.C. Sec. 552(b)(3), the Commission is specifically prohibited from disclosing the above information by Secs. 6(a)(2) and 6(b)(5) of the Consumer Product Safety Act ("CPSA"), 15 U.S.C. Secs. 2055(a)(2) and (b)(5). Each of these statutes, in the language of Exemption 3, "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." 5 U.S.C. Sec. 552(b)(3).
 
 
 3
 Upon review of the record in its entirety, and the relevant legal precedent, this court concludes that the Commission properly applied the statutes to the requested information, withholding only that information which it had no discretion to disclose. The district court, therefore, did not err by granting judgment for the Commission as a matter of law.
 
 
 4
 Accordingly, the judgment of the district court is hereby AFFIRMED.
 
 
 
 [1]
 5 U.S.C. Sec. 552(a)(4)(B) provides:
 (B) On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action.
 
 
 [2]
 15 U.S.C. Sec. 2064(b) mandates that:
 (b) Every manufacturer of a consumer product distributed in commerce, and every distributor and retailer of such product, who obtains information which reasonably supports the conclusion that such product--
 (1) fails to comply with an applicable consumer product safety rule; or
 (2) contains a defect which could create a substantial product hazard described in subsection (a)(2) of this section,
 shall immediately inform the Commission of such failure to comply or of such defect, unless such manufacturer, distributor, or retailer has actual knowledge that the Commission has been adequately informed of such defect or failure to comply.
 
 
 [3]
 The court notes that although in this case it would not have been unduly burdensome for the district court to have conducted an in camera review of the information withheld by the Commission, the description of the content of the controversial information was sufficient to satisfy the requirements of a "Vaughn Index." See, e.g., Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1974); Ingle v. Dep't. of Justice, 698 F.2d 259 (6th Cir. 1983)